Court will now hear oral arguments in case number 18-6032. N. Ray Teresa C. Edwards, Teresa C. Edwards v. The City of Ferguson, etc. May it please the court. Good morning. My name is Michael Watton. I'm with the Watton Law Group. I represent Teresa Edwards in this matter. She's the appellant. So before we start to dive in to parsing out the statute, here we're looking at the automatic stay. We ought to, I think, just take 30 seconds to reorient ourselves of things we already know, right? That the bankruptcy is exclusive in the federal system. It's exclusive in the federal system, as I put in the reply brief. Historically, the founders decided it's got to be federal because it's intertwined with the commerce clause. And the limitation of that exclusivity is really the police power of the state, right? The reserve clause. So we see all of those issues ultimately play out in 362. So the idea behind our statute, the Bankruptcy Code, is really a change in history. From a penal statute, England had debtors' prisons and dumps of debtors' prisoners into colonies around the world, and to a system of redemption where we're getting a fresh start, where the honest debtor has a way to reorganize. And what happened in this case is there's a halting of that power by coercion. So the facts of the case that are important are not disputed, right? They were listed by the lower court judge for you. April 16, 2010, there's essentially a speeding ticket. May 20th of 2010, there's a court date. June 18th of 2010, apparently my client didn't appear at that court. There's a warrant for her arrest put out, and they could pick her up at any time. They pick her up in 2015. She then appears before the court. She doesn't pay the fine, even though she pleaded guilty. And then there's a reissue of a warrant, which just remains outstanding. We file bankruptcy. So then the question is, under the automatic stay, can you keep that warrant in place? Is that a continuation? And how broad is this stay? So there are cases both at the BAP and then in Minnesota, in Atkins, in South Dakota, in Reinhart, which became an Eighth Circuit case, SBA versus Reinhart. The automatic stay is quite broad. The question now is, if a city, a municipality says, oh, we just left the warrant in place, but we didn't do anything, is that not coercive? Is that not a violation of the stay? And we think it's a violation of the stay under 362A1, as well as 362A6. Additionally, there's the withholding. There's an automatic notice to the state. The state issues driver's licenses, and the hold of a license is automatically issued from Ferguson when they don't get paid. And that hold is not withdrawn. So we, as Debtors Council, alert the city. We tell you, hey, you've got to comply with the automatic stay. The city says, huh, no. And this is how we get to the license. Are you sure it's the city? Are we missing a party here? No, the city and the municipal court are one. No, that's not what I mean. You said the state issues driver's licenses. Right, I'm not asking for the, oh, I'm sorry, Your Honor. It's the state that decided to revoke the driver's license based on the fact that the city of Ferguson didn't get paid, right? It is automated that when, if you go... Well, automated or not, it's the state that revoked it, right? It's the state that issues and therefore can revoke the driver's license. So why wouldn't you be asking the state to reissue the driver's license? Because there are, there's case law that says that the driver's license in and of itself is not property of the estate and there's bad case law. I'm not worried about that, but why aren't you asking the state to reissue the driver's license? Why are you asking the city of Ferguson to release something? Why don't you just ask the state? If you believe that the city of Ferguson is prohibited from enforcing this fine, why can't you go to the state and say, reissue my driver's license because they can't enforce that fine? But they'll send me to the city. Well, how do you know that? Has a request been made to the state for a reissuance of the driver's license?  Okay. One of the things that, in looking at the brief and the arguments, you know, is the debtor concerned about the fines or concerned about the warrant? Because one of their requests for relief was that the city send a letter to the state. The question I had is, with regard to the violation of the state, is it the fine or is it the warrant? I'm not sure I completely understand. This is a collection matter, right? So, in order to enforce the collection, you have a warrant. And you say, you know, you could be picked up at any time, pay the fine. Right? So, we want money outside of the bankruptcy system. We want it now. But don't worry, we may or may not arrest you. Well, but there's been no arrest, correct? The warrant hasn't been enforced, correct? Well, warrants... That's a yes or no question, counsel. Has she been picked up? The warrant has not, there has been no arrest, and I apologize. Okay. Yes, sir. So, there's been no arrest. What action is the city taking? I mean, the only action that seems to me that could take place is the arrest. And I don't think any of the three of us would disagree that arresting her post-petition would likely be a violation of the state. But that hasn't happened yet. The continuation is the coercion. Coercion is the power. Show me in 362 the word coercion. Well, Your Honor, the commencement or continuation, and then it has including a bunch of different things, but the... But comes down to an action or proceeding, which to me suggests a legal action, legal proceeding, administrative action, all of those things. That's all done now, correct? The warrant was only... The license was only suspended in the warrant issued following the conclusion of an action or proceeding. That's done. What other action or proceeding is ongoing post-petition? Well, my argument would be if you hold a gun to a person's head and then that person has stayed from pulling the trigger and you say, well, the gun is still out. Remember, in 2010, there was a warrant issued. Well, they didn't pick her up until 2015. But isn't that what the automatic stay is, though? The city has stayed from executing that warrant, right? We agree.  The city has stayed from executing that warrant. And it's that fear that forces the person to pay. But if the city doesn't... I'm sorry, again. I understand that. But it's a stay, not a release. The 362 does not release things. It stays things, correct? It stays things, correct, yes. So what you're asking for is a release of something. When does inaction become action? And the point of when does inaction become action is because of the coercive nature of the inaction. But if the warrant is... Acting on the warrant is stayed, when is... Where is the line crossed there? The line is crossed because it's active. She could be picked up at any time. It's her fear. Remember, it's from the debtors' perspective. But how can she be picked up at any time? Even though the warrant's outstanding, the city's been... It's stayed. Pardon? The warrant, the action upon the warrant has been stayed by the bankruptcy case, correct? The action has been stayed by the bankruptcy case, but since it's still an active warrant, the police officer can just pick her up. And it's that fear that drives the payment. But they can't. But they can't. They're stayed. I mean, a creditor with a judgment could commence a garnishment action post-petition too, and there could be some coercive effect from that threat. But they can't because it's stayed. And the city cannot enforce that warrant. If they do, then you seek sanctions for violation of the stay, and I'm guessing the bankruptcy court reaches a different conclusion, and we certainly would on appeal, I'm guessing. But they haven't done anything since the petition was filed. And you mentioned the action versus inaction cases. Do you have a case in which inaction was not either exercising control over property of the estate, which two of the cases you cited involved, or a case in which the creditor, for whatever reason, admitted that they were withholding the student's transcripts in order to get paid? I mean, talk about your ideal case as a debtor's attorney. Those are the three cases I read that you cited as two. None of those are the case here. The city is not saying pay up, and the city is not exercising dominion or control over property of the estate. I know you're in your rebuttal time, but be thinking about this question. I'm not aware of any case, and I don't believe you cited any case, where mere inaction without anything else was a violation of the stay. And that's what we need to hear from you about. You want to save your rebuttal time, that's fine, but we'll take that up. I might as well address that issue. Oh, I'm sorry. Go ahead. It'll just be taken out of your rebuttal time. I understand, Your Honor. Thank you. No, this is a case of first impression on that matter that stands for the proposition that if you are threatening the debtor, which you are by having a live warrant available, if you are stopping her because of this letter to the state from getting her license, then you're effectively prohibiting her from using the fresh start. So you have to go back to the purpose of the code. The code is to get the debtor through, and if you're throwing up roadblocks, you can't do that. So the simple matter would be just like any other garnishment issue, where I pick up the phone, I speak to opposing counsel, and I say, hey, you have to dismiss that case. And the state court dismisses the case, and they can refile. But if you leave everything in place, if you leave the garnishment in place, and the money comes flowing out, it's not just the holding of money. It's the money flowing out. It's the money. I was going to say, that's the difference, though. With the garnishment, the money will come out. With the arrest warrant in place, if they just stay the arrest warrant and don't execute it, she's not going to get arrested. That, I believe, is a false statement, Your Honor. I think she will get arrested. If she just happens to be in Ferguson, because Ferguson has this history, that's a different suit, right? That's a class action suit that's happening now. If she just happens to be in a car, and they pull that car over, and they say, everybody show me your license, boom, she's off to jail. She lives with that fear every day. That's the fear.  But isn't that the violation? Isn't that the violation? The violation of the stay is if they arrest her. Having the warrant live is the violation of the stay, we believe. And I'll save the rest for later. Thank you. Mr. Christensen. Thank you, Your Honor. Good morning, Your Honors. May it please the Court. My name is Joel Christensen. I represent the appellee, the city of Ferguson. Your Honors asked several very poignant questions, which I'd like to address. But I think to start, it's important to recognize that the bankruptcy laws and the laws of the state of Missouri and the municipality that is the city of Ferguson, they presently cohere. All that this panel needs to do is find the same distinctions that your predecessors in other matters have already found. There's a clean distinction, and it came out loud and clear in Your Honor's questions during Appellant's Counsel's argument. There's a clear distinction between the existence of a warrant that was implemented pre-petition and the enforcement action and furtherance of that warrant post-petition. That distinction is clear in the existing case law. That distinction is important if we talk about the purpose of the bankruptcy code and how it coheres with the state's police power and regulatory authority. The distinction can be preserved by affirming what Judge Surratt states. So you agree that the city can't enforce the warrant? Yes, Your Honor. What about somebody else? If the city has a warrant out there and the debtor happens to be in St. Louis? And a police officer encounters the debtor, as counsel indicated, because she's in a car that gets pulled over or whatever it may be, is she going to get arrested? That's a good question, Your Honor. The problem for the debtor would be if she were driving with a suspended license. That suspension is still active. No, she's a passenger. Are you saying that the warrant is only applicable if she's driving? I think that's an important distinction between the warrant and the suspension of the license, which are the two issues. Right. Now I'm just talking about the warrant. Is a St. Louis police officer going to pick her up if he asks for her identification for whatever reason? If he or she did, then whatever jurisdiction that officer is practicing and acting within would have an issue with respect to the violation of the automatic stay. I can't speak to . . . I think that's one of the core problems with the nature of this appeal. How would that officer know? If you haven't revoked the warrant, how would that officer know about the automatic stay? If the City of Ferguson had not revoked . . . If the City of Ferguson's warrant is still out there, warrant for her arrest, how would that officer in St. Louis know that she filed bankruptcy and it can't be enforced? I don't know that there's a way for an officer in a different municipality or in a different state, different jurisdiction altogether, to know. And they may inadvertently violate the stay by doing so. So why wouldn't the City of Ferguson just revoke the warrant? I think there are several answers to that question, Your Honor. Great. The first is that it's not required to under the law. The second is that the apparatus of traffic enforcement in the state of Missouri, this is a domino effect. Rule 37 of the Missouri Rules of Civil Procedure sets up this apparatus. And it, for our purposes, for relevant purposes, starts with the 2015 warrant that's issued as a matter of course, under the rules, without discretion, at the point that the debtor fails to maintain her agreed upon payments that she's agreed to. At that point, the warrant exists and it can be revoked, but it doesn't need to be. And that's really the core question before this panel. And the issue, I think, legally that's presented by these very apt questions is that the appellant is asking the three of you to render an advisory opinion. To render an opinion based on, as Mr. Watton described, her subjective, hypothetical, conjectural belief that she might be arrested, that the warrant might cause her some problem that hasn't happened yet. Counsel, but your argument, for example, if, as an analogy, if a creditor has hired a collection agency, creditor knows about the bankruptcy, creditor doesn't tell its collection agency, and the collection agency, at some point in time, goes out and does something. The question is, would that be a violation of the stay? But for Willful, because the creditor didn't take any action to stop, essentially, its agent from taking any action. So here, the question is, if the city doesn't do anything, and she's picked up inadvertently, isn't that the same kind of thing? Isn't it the same kind of thing where the city is taking no action, and yet, by leaving the warrant out, she can get picked up, and would be picked up if she were stopped. Presumably, they'd see there's a warrant, and they would arrest. But there's no notification going out saying there's a bankruptcy. The warrant is stayed. I don't know that the record here is conclusive one way or the other, whether there has been any notification. What we do know is that there has been no arrest. There has been no action, whether by anyone employed by the city of Ferguson, any other municipality, any state officer, patrol person in Missouri, or any other state. I don't think that the record is indicative that that has or has not happened. But the argument of the appellant is just by virtue of having the warrant out, she can be arrested. She can be arrested, and that would be a violation of the automatic stay. And the case law is quite clear that when that does happen, not hypothetically, but as a matter of fact, post-petition, that is a violation of the stay. And the case law is equally clear that when that has not happened, post-petition, there is no violation of the stay. That comes out clearly in Kimsey, in Hale, in Raphael. And then on the other hand, we have cases where the court finds it is a violation of the stay, like in Walters. Walters and Kimsey are instructed because they're both cases decided by courts that are within the Eighth Circuit, and they draw that clear distinction. And I think the questions that were raised by the panel with respect to a garnishment are directly on point. And that's the distinction, that when a debtor files bankruptcy, the lien isn't automatically extinguished, but the garnishment, the teeth within the garnishment are stayed. And that's the distinction, that any number of things could happen in the course of the bankruptcy. The bankruptcy could come to a screeching halt. The debtor in this case could enter a confirmed plan, pursuant to which those plan payments are made, and it eventually discharges the debt in the ordinary course. And the case law is clear that when that happens, then, and only then, is the arrest warrant required to be lifted because there is no more violation. And so it's this coherence of the state's interest from a health and safety and regulatory perspective in having enforceable traffic laws and the bankruptcy code's interest in implementing a stay. I think the problem is that it's quite foreseeable that if this panel were to go against the majority and to go against the bankruptcy courts within the Eighth Circuit and find, as the appellant asks you to, it creates a literal get-out-of-jail-free card for debtors. The first thing that you do when you find yourself incarcerated is call a lawyer and have him or her file a bankruptcy petition for you, and then you're automatically, the state loses its ability to enforce its criminal law. Isn't this a completely different situation, though? I mean, we're talking fines. We're not talking incarceration. We're not saying the city or state or anybody has to release someone which is truly the criminal. Here, isn't this a civil, the fines that will be discharged at the end of the bankruptcy? They will be, but they haven't been yet, Your Honor. And the second thing is that in the state of Missouri, traffic citation and violation is a misdemeanor which falls within the criminal authority of the state of Missouri under Missouri statute, and it falls within the police power of the state to enforce those as a matter of health and safety and regulation of its roads. In this case, it's school zones. When someone speeds in a school zone, there's a consequence, and the consequence is that you have to show up to court, and if you don't show up to court, a show cause order is issued, and if you fail to show cause or if you fail to show up for the next court hearing, an arrest warrant is issued, and that all happens as part and parcel of the process that Missouri has adopted and the process that the city of Ferguson, pursuant to the state statutes and pursuant to Rule 37 of the Missouri Rules of Civil Procedure, has implemented to ensure the health, safety, and well-being of its citizens. Under that logic, though, then, if it's a get-out-of-jail-free, even if the debt is discharged, the warrant wouldn't be lifted because that's how they enforce the fine, which is enforcing the traffic laws. I think at the point that the debt is discharged, there is no more fine, and therefore there is no more corresponding warrant. I believe that's how the cases have cleanly distinguished this, that as long as there's a violation that has yet to be discharged and there is a warrant that corresponds and appends to and is tethered to that violation, the state, or the municipality in this case, it's true, would violate the state by doing something, anything, in furtherance of that. But then we get into this sort of almost existential discussion of, does the mere passive existence, does the inert existence of a warrant that issued as a matter of course constitute an action? That would be new ground in the Eighth Circuit if this panel were to hold that it did, and it would cause the lack of coherence with the existing case law. It would put us out of step with the majority of circuits and bankruptcy courts that have decided this exact issue, and it would cause Missouri's traffic enforcement apparatus to need to be totally overhauled. I think that's really the purpose for which we're here on this appeal, is that we're no longer on the Section 525 discrimination or punitive damages claim. Judges throughout the states found in favor of the city on those, but those issues weren't taken up on appeal. The problem is that the law is clear. Rule 37 is clear. The municipal code, the traffic code in Ferguson is clear. The existing case law is clear. But the appellant wants the law to be something different than what it is, and the appellant wants you to break new ground and find that the law should be something different than what it is. What the appellee is asking you to do is to recognize the clear distinction that already exists, to recognize that there's a balance between a debtor's rights in bankruptcy and a municipality's interest in regulating traffic and ensuring the safety of its citizens, in this case in a school zone. You don't have to break new ground to find that on the one hand you have the Kemzee case and those like it, and on the other hand you have the Walters case and those like it, and there's a clear, factual, and legal way to separate those cases. We've spent all our time talking about the arrest warrant. The council also is asking that the city issue some sort of notice to the state to reinstate the debtor's driver's license. Are we missing a party for that one? I think you're right, Your Honor, that we are missing a party. I can't speak to the decision not to join the State of Missouri through its Department of Revenue as a party to this action. Because you can't compel the state one way or the other, can you? That's correct, Your Honor, and I think there's at least an argument that if the city were required to take some action like that, that that would, if not by the letter, at least by the spirit of the automatic stay, we'd be required to start doing things post-petition that we weren't required to do pre-petition. We'd be required to unwind and to take actions in the form of the issuance of a compliance letter. First of all, when there is not compliance, and secondly, contrary to the spirit of the stay. But the whole premise is to maintain the status quo, whereas we would be required to take some affirmative obligation that doesn't exist in the bankruptcy code, that no bankruptcy court or bankruptcy appellate panel or circuit court or Supreme Court has found is an affirmative obligation. And so, again, the appellant is asking you to change the law. The appellate is asking you to preserve the distinctions that exist in the law. You have a minute and a half. If there are no further questions. Thank you. Thank you. Mr. Wattenberg. If we look at 362B, we see the carve-outs of the very expansive rights or the broad rights of the automatic stay under 362A. So 362B says, hey, if there's a restriction on a license, right, it's under subsection D, if there's a restriction on the license, well, that's a violation of the automatic stay, except if there's a restriction on the license under the Social Security Act. So we know that all other restrictions on licenses are violations of the stay. Counsel, isn't that if the restriction was put in place post-petition rather than pre-petition? I would argue no. I would believe that to be a continuation. Do you have any cases that support that? I do not. Okay. But, counsel, you keep talking about continuation, but that's under A1, correct? Yeah. There's nothing continued now, right? The proceedings against your client in state court, city court, licensing bureau, those are all done. And the result of those actions is ongoing, but there's no commencement or continuation of an action or proceeding. However, Your Honor, the debtor can't get her license. Why? Because there's a restriction placed on her license by the city. I'm not disagreeing with that. I understand that. But I'm saying that what you're arguing doesn't fit under A1 because there is no action or proceeding that has been continued post-petition. All the doings have been done, so to speak, right? But how can one justify that versus the holdings of money, right? I mean, you set aside independently before the holdings of money case, the SBC Reinhart type issue. So if I'm just holding the money, remember, the garnishment was prior to. SBA didn't do anything. They just got the money. I didn't do anything. The issue is about power ultimately, power to coerce. And that's why we have the very broad 362A1. That dovetails into the entire case. I've got four seconds, so let me just say that the police power in Kimsey goes well beyond where there's an unsafe driver. I apologize for going over my time. Okay. Thank you. Court will be in recess until further notice.